UNITED STATES of America, Plaintiff,

v.

Louis SERAFINI, et al., Defendants.

Civ. A. No. 86–1591.

United States District Court,
M.D. Pennsylvania.

Aug. 31, 1988.

See also 706 F.Supp. 354.

Bruce Brandler, Asst. U.S. Atty., Scranton, Pa., Robert R. Kuehn and Steven R. Baer, Environmental Enforcement Section, Land and Natural Resources Div., U.S. Dept. of Justice, James Dougherty, Office of Enforcement & Compliance Monitoring–Waste, U.S. Environmental Agency, Washington, D.C., Joseph Donovan, Asst. Regional Council, Region III, U.S. Environmental Protection Agency, Philadelphia, Pa., for U.S.

David J. Rinaldi, Scranton, Pa., for O.S.C. Co., J.C. Baumann, D. Bridy, C.E. Rinaldi, trustee for C.A. Fisher, A.J. Rinaldi and D.J. Rinaldi.

Brian J. Cali and Robert A. Cecchini, Scranton, Pa., for Louis Serafini, Alfred Bernabei, Ernest Buttafoco and Michael J. Naples, Jr., Individually & t/a Empire Contract. Co.

Allan J. Topol and Richard J. DeSanti, Covington & Burling, Washington, D.C., Eugene F. Healey, Managing Director, American Can Co., Greenwich, Conn., and Cadwalader, Wickersham & Taft, Timothy G. Rogers, New York City, for American Can Co.

Anthony J. Piazza, Jr., Tellie, Durkin, Weinberger, Murphy & Piazza, P.C., Scranton, Pa., Janine Landow–Esser, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., Thomas E. Styczen, Asst. General Counsel, Duchossois Industries, Inc., Elmhurst, Ill., Michael F. Dolan and Thomas Dent, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for Chamberlain.

Robert Gownley, Jr., Acting Sol., City of Scranton, Dept. of Law, Scranton, Pa., Steven Engelmyer, Daniel Segel and Larry DeSilver, Hangley, Connolly, Epstein, Chicco, Foxman & Ewing, Philadelphia, Pa., for City of Scranton.

ORDER

CALDWELL, District Judge.

On February 19, 1988, the court issued a memorandum and order denying the United States' motion for partial summary judgment against defendants Serafini, Bernabei, Buttafoco and Naples, individually and trading as the Empire Contracting Company (Empire defendants). The court ruled that the United States had established a prima facie case of liability under section 107(a)(1) of the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9607(a)(1), but that summary judgment could not be awarded because there existed a genuine issue of material fact as to the applicability

of the innocent landowner defense of section 107(b)(3), 42 U.S.C. § 9607(b)(3). The central question was whether the Empire defendants' failure to inspect the Taylor Borough Site prior to purchasing it complied with the requirement of making "all appropriate inquiry into the previous ownership and uses of the property consistent with good commercial or customary practice." 42 U.S.C. § 9601(35)(B). The government had presented no evidence from which the court could conclude that the defendants' failure to inspect was inconsistent with such practices. In a footnote the court wrote:

> 8. For example, the government could have submitted affidavits from real estate developers stating that, with respect to the purchase of a 225 acre tract to be developed at a later date, it is the customary or good commercial practice to visually inspect the property before the purchase.

On July 13, 1988, the United States filed a supplemental motion for partial summary judgment supported by the affidavits of two experts in real estate sales, development and appraisal. Each affiant takes the position that it is inconceivable that a commercial real estate purchaser in 1969 would have purchased the 225 acre Taylor Borough Site without inspecting it prior to purchase. Not surprisingly, in response, the Empire defendants have filed affidavits from two real estate experts who assert that it was not the customary or good commercial practice in 1969 for a prospective purchaser to inspect a large tract of land. Instead, the purchaser normally would review topographical and other maps, as the Empire defendants allegedly did in this case. Thus the defendants' experts' affidavits directly contradict those of the United States' experts and a genuine issue of material fact remains for trial.

The United States also filed a motion to strike the affidavit of Mary M. Vanston on the ground that it was not made on personal knowledge as required by Fed.R.Civ.P. 56(e). Though much of Ms. Vanston's affidavit is irrelevant to the issue at hand and was not considered by the court, the court cannot say it is not based on personal knowledge.

Accordingly, this 31st day of August, 1988, it is ordered that the plaintiff's supplemental motion for partial summary judgment and motion to strike the affidavit of Mary M. Vanston are denied.